**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2505-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LEANDRO OLIVO-REINOSO,
a/k/a LEANDRO F. OLIVO and
LEANDRO F. REINOSO,

    Defendant-Appellant.

_____

        Submitted December 4, 2018 – Decided January 17, 2019

        Before Judges Suter and Geiger.

        On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-03-0148.

        Andrew R. Burroughs, attorney for appellant.

        Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Alexander C. Mech, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the December 22, 2017 order that denied his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean these facts from defendant's trial. On January 17, 2013, Detective Alan McKay of the North Plainfield Police Department responded to a report by Mitchell Castro that his Sony laptop and other personal electronic items were missing from his apartment. Castro paid $600 for the computer. He rented out a room in his apartment to Raymon Gonzalez, who lived there with Michelle Olivo (Michelle), defendant's sister.[1] Gonzalez was suspected of committing the theft, but he denied taking the laptop when questioned by the police.

About two weeks later, McKay found the laptop's serial number on a "pawn list," which showed it had been sold to a local pawn shop on January 19, 2013; he recovered the laptop and returned it to Castro. It had been wiped clean of all programs, pictures and music. The shop's owner provided the police with a transaction sheet, which showed he purchased it for $175. A copy of "Dijon

---

[1] We refer to defendant's sister by her first name to avoid confusion because defendant and she share the same surname.

A-2505-17T4

Pompey's" driver's license was attached to the transaction sheet. The store owner hoped to resell the laptop for $250 to $270.

McKay contacted Pompey who admitted he had allowed his identification to be used by defendant to sell the laptop. He denied any knowledge the laptop was stolen. Pompey consented to participate in two "consensual overhears"[2] with defendant, that were recorded. During these calls, defendant denied knowledge that the laptop was stolen, said he needed to use Pompey's identification because he had left his at home, asserted the laptop was not his but was "Raymon's," and then denied knowing Gonzalez's last name. Defendant claimed the laptop was given to him to sell because "they want to get rid of it."

The police questioned defendant, who waived his Miranda[3] rights. In his statement to the police, defendant said Gonzalez brought the computer to his apartment, which he shared with Roger Mejia, because he was trying to get rid of it. Defendant thought the laptop was in good condition and that it was worth "like around four hundred to three hundred and fifty dollars." He denied knowing the laptop was stolen. Defendant also said he was estranged from

---

[2] McKay testified that "[a] consensual overhear . . . is when a subject makes a telephone call in your presence, and that telephone call is recorded."

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2505-17T4

Michelle and was no longer close with Gonzalez. Defendant told the police he had loaned Gonzalez $100 the night before for bail and that Gonzalez told him he could keep that amount if he sold the laptop. Defendant used Pompey's identification to sell the laptop to the shop owner for $175 because defendant had lost his wallet. Gonzalez and defendant had an argument when Gonzalez learned defendant sold the laptop.

Gonzalez testified for the State. He knew defendant because he was dating his sister. He acknowledged he stole Castro's laptop and other electronic items because they had an argument. He testified that he showed the laptop to defendant at defendant's apartment, and told him it was stolen. He knew defendant fixed computers. About a week later, defendant told him he had pawned the laptop. Although Gonzalez initially denied to the police that he stole the laptop, he testified he eventually admitted taking it and lying to the police. He previously had stolen two televisions from Costco when he worked there and pled guilty to that theft. The defense did not call any witnesses.

Defendant was indicted on a single count of third-degree[4] receiving stolen property having value of more than $500, N.J.S.A. 2C:20-7. He was granted

---

[4] Theft is a crime of the third degree if the amount involved exceeds $500 but is less than $75,000; it is fourth degree if the amount involved is at least $200

pre-trial intervention, but that was terminated in 2014 because he violated its conditions. Following a jury trial, defendant was convicted in August 2014 of fourth-degree receiving stolen property, N.J.S.A. 2C:20-7. He was sentenced in October 2014 to three years of probation. He violated probation and was sentenced in June 2016 to probation with an extended date. Defendant did not file a direct appeal from his conviction or sentence.

Defendant filed a PCR petition in June 2017, alleging ineffective assistance of counsel. He claims his counsel did not properly investigate the case, and should have called alibi witnesses, who included his sister, Michelle, and his roommate, Mejia. He claims his counsel did not effectively cross-examine the State's witnesses and should not have conceded before the jury that the value of the laptop was $250 because that fact all but assured he would be deported based on a conviction.

Defendant's PCR petition was denied on December 20, 2017, following oral argument. The PCR judge rejected defendant's request for an evidentiary hearing. The PCR court found that defendant's trial counsel "fulfilled his duty" to make a reasonable investigation. Counsel's decision not to call Michelle or

---

but does not exceed $500 and is a disorderly person's offense if the amount involved is less than $200. N.J.S.A. 2C:20-2(b).

A-2505-17T4

Mejia as witnesses was a "strategic trial decision" that was "reasonable" and was not because of an "inadequate investigation." The PCR court rejected defendant's claim that his counsel should have more thoroughly cross-examined Gonzalez. Gonzalez's credibility already had been undermined through cross-examination where he admitted to lying. He "impeached" Gonzalez by asking about his pending criminal cases, by asking if he was testifying pursuant to a plea deal and by eliciting admissions from him.

The court found it was a "strategic choice" by defense counsel to say that the laptop was worth $250 because there was testimony the laptop was worth up to $600. "This concession preserved counsel's credibility and convinced the jury not to convict defendant of third-degree receiving stolen property." The court also found defendant did not satisfy the second prong under Strickland[5] because there was "sufficient evidence of defendant's guilt . . . to support a conviction." The PCR court listed examples of inconsistent statements made by defendant. The court found "counsel's decisions were all perfectly reasonable based on the underlying facts of this case," and defendant had not shown that "but for counsel's unprofessional errors, the outcome of the trial would have resolved differently."

---

[5] Strickland v. Washington, 466 U.S. 668 (1984).

A-2505-17T4

Defendant presents the following issues in his appeal.

POINT I

THE PCR COURT WAS WRONG WHEN IT DENIED DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT HAD PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(1) Defense counsel was ineffective by failing to investigate the case.

(2) Because defense counsel failed to properly investigate the case, he failed to effectively cross-examine Raymon Gonzalez.

(3) Defense counsel prejudicially conceded the market value of the stolen computer as $250.00.

(4) Defense counsel's cumulative errors denied Defendant effective assistance of counsel.

POINT II

AS THERE WERE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

We are not persuaded by these arguments and affirm.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. at 668, and adopted by our Supreme Court in State v.

7

Fritz, 105 N.J. 42 (1987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

We agree with the PCR court that defendant did not show a prima facie case of ineffective assistance. Defendant contends that had defense counsel investigated the case, he would have called defendant's sister and his roommate as witnesses. Defendant claims Michelle would have corroborated his lack of knowledge that the laptop was stolen and that Roger Mejia would have testified Gonzalez did not tell him the laptop was stolen. However, the record supports the PCR court's conclusion there was ample evidence for the jury to conclude defendant was aware the laptop was stolen. Defendant was inconsistent in his statements explaining how he obtained the laptop, whether it was his, how long he had it, why he needed someone else's identification to sell it, why he sold it quickly for the price he obtained, his apparent lack of surprise on the overheard

conversations that the laptop was stolen and in claiming he did not know Gonzalez's last name.

Defendant argues his sister's testimony would have provided evidence of a motive by Gonzalez. Even if he did have a motive to lie about defendant because, as she alleged, defendant tried to break-up Gonzalez's relationship with Michelle, that also could have weakened defendant's case. The jury would have to believe that although Gonzalez and defendant were not on friendly terms, defendant bailed him out and agreed to hold a computer for him. Also, his sister's testimony would have been subject to impeachment limiting its value. Thus, we agree with the PCR court's conclusion that counsel's actions were strategic.

Defendant claims that cross-examination of the State's witnesses was inadequate but this is not supported by the record. Gonzalez conceded on cross-examination he lied to the police and, on an earlier occasion, stole TVs from an employer. Detective McKay acknowledged he did not do anything to verify the value of the laptop.

Defendant is critical of his attorney for admitting in the closing that the laptop was worth $250. However, there was testimony that the value of the laptop could have been as high as $600. The store owner said he could sell the

laptop for $250 to $270. Defendant's own statement placed the value at $350 to $400. Had the jury accepted the $600 valuation, defendant could have been convicted of third-degree receiving stolen property.

Even if counsel should have called witnesses or remained silent about the laptop's market value, defendant has not shown the second prong under Strickland was satisfied. He must show that but for the errors, the result of the proceedings would be different. Ibid. There was evidence before the jury that defendant was aware the laptop was stolen based on his own inconsistent statements. Defendant's theory of the case was before the jury, but so were these inconsistencies. Defendant has not shown anything here that would change the result.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland/Fritz test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

We conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2505-17T4